```
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

                                     CASE NO. 15-CV-24502-MORENO
                                            (11-CR-20287-MORENO)
                                     MAGISTRATE JUDGE P. A. WHITE

TROY TONY MILLS,                :

     Movant,                    :         **REPORT OF**
                                          **MAGISTRATE JUDGE**
v.                              :

UNITED STATES OF AMERICA,       :

     Respondent.                :
_____
```

## I. Introduction

This matter is before the Court on the *pro se* Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 attacking his sentence for theft of Government funds following a guilty plea in criminal case number 11-CR-20287-MORENO.

This cause has been referred to the Undersigned for consideration and report pursuant to Administrative Order 2003-19.

No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See 28 U.S.C. § 2255(b). ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

The Court has reviewed the habeas petition and all pertinent portions of the underlying criminal file.

1

## II. Claims

Construing the *pro se* Petitioner's arguments liberally, he appears to raise the following claim in his Section 2255 motion:

1. The Petitioner should receive credit towards his present eight-month sentence for the time he served in State custody between August 2011, and June 23, 2015, while federal detainers prevented him from being released on bond.

## III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The United States Secret Service arrested the Petitioner on March 30, 2011, for uttering a forged instrument. (Cr-DE# 1). Bond was set at $80,000. (Cr-DE# 8). He pled guilty on May 17, 2011, and was sentenced to time served and two years of supervised release. (Cr-DE# 17-18, 23).

An arrest warrant was executed on July 5, 2011, because the Petitioner violated the conditions of supervised release. (Cr-DE# 24). The Petitioner admitted violating supervised release on July 15, 2015, supervised release was revoked, and he was sentenced to eight months' incarceration. (Cr-DE# 31, 32).

On November 3, 2105 he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the same relief he seeks in the instant motion. See Case no. 15-24197-CV-MORENO, DE# 1. The undersigned entered a report recommending that the motion be denied because the movant failed to allege or establish that he had exhausted his administrative remedies with the Bureau of Prisons. See Id., DE# 5. The movant was advised that the Section 2241 petition should be filed in the Middle District of Florida, where he was incarcerated. The Report and Recommendations remains pending adoption by the District Judge.

Despite the entry of the report in case number 15-24197-CV-MORENO, the movant elected to file the instant motion on December 2, 2015. As noted above he presents the same claim for sentencing credit as that presented in his Section 2241 Petition.

### IV. Discussion

As noted in the prior report, habeas corpus relief under Section 2241 is available to anyone held "in custody in violation of the Constitution, laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An action under Section 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence itself which would be cognizable under Section 2255. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Therefore, Section 2241 is the appropriate means for an inmate to challenge BOP's calculation and execution of his sentence. Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000). Prisoners seeking jail time credit under Section 2241 are subject to administrative exhaustion requirements, but it is not jurisdictional. See Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015).

In the instant case, the Petitioner has not alleged or proved that he exhausted his administrative remedies by requesting that BOP grant him jail credit for the time he has served in Florida towards his federal sentence, or designate the State prison *nunc pro tunc* as his place of federal incarceration. Accordingly, this issue is not ripe for review and this claim should be dismissed without prejudice.

Further, Section 2241 petitions may only brought in the district court for the district in which the inmate is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th

3

Cir. 1991). At the time he filed the instant petition, the Petitioner was incarcerated at the Coleman penitentiary in Sumter County, Florida, which is located in the Middle District of Florida. Therefore, the Petitioner should seek Section 2241 relief in that Court. See, e.g., United States v. Pruitt, 417 Fed. Appx. 903, 903 n.2 (11th Cir. 2011) (petitioner who was imprisoned in the state prison in Coleman, Florida, should have filed his petition in the Middle District). The proper respondent in a Section 2241 petition is the warden of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426 (2004); see, e.g., Thibodeau v. United States, 2010 WL 5140735 (M.D. Fla. Dec. 13, 2010) (the warden of the state facility where the petitioner was incarcerated was the proper respondent to the Section 2241 claim for jail time credit).

To the extent that the movant has presented a Due Process claim because the sentencing court failed to award him the credit for time served his claim should be denied. District courts are not authorized to compute a credit at sentencing, that authority rests with the attorney general. United States v. Wilson, 503 U.S. 329 (1992). As found in Wilson:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C.§ 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

Id. at 335. Therefore, as noted in the prior report, the movant

must seek relief first with the Bureau of Prisons. It is only after exhausting his administrative remedies that he may pursue relief in the form of a Section 2241 petition filed in the district in which he is incarcerated.

### V. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be dismissed without prejudice and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 10th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Troy Mills, *pro se*
     95099-004
     Coleman I-USP
     United States Penitentiary
     Inmate Mail/Parcels
     Post Office Box 1033
     Coleman, FL 33521

     United States Attorney